IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| TK HOLDINGS INC, *et al.*, | : | Case No. 17-11375-BLS |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| SONYA MCNEAL, | : | |
| | : | Civ. No. 22-880-RGA |
| Appellant, | : | |
| v. | : | |
| | : | |
| TK HOLDINGS INC., *et al.*, | : | |
| | : | |
| Appellees. | : | |

**MEMORANDUM ORDER**

This matter arises from a *pro se* appellant Sonya McNeal's appeal from the Bankruptcy Court's May 31, 2022 Order (B.D.I. 4713).[1] ("28th Claim Objection Order"), which disallowed and expunged certain proofs of claim filed against the above-captioned debtors ("Debtors") but which did not disallow or otherwise affect Appellant's proof of claim.  Pending before the Court is a motion to dismiss the appeal (D.I. 7) ("Motion to Dismiss") filed by Joseph J. Farnan, Jr., as Trustee of the Reorganized TK Holdings Trust (the "Trust") on August 19, 2022.  The Motion to Dismiss asserts that Appellant lacks standing to appeal the Order and that the appeal is untimely. By Order dated September 7, 2022 (D.I. 8), I directed Appellant to file an answering brief or response to the Motion to Dismiss no later than September 28, 2022.  Rather than file such a response, Appellant filed two requests: (i) a motion to stay the appeal pending "an administrative procedural ruling of Court and its jurisdiction" (D.I. 9) (the "Motion for Stay"); and (ii) a request

---

[1] The docket of the chapter 11 cases, captioned *In re TK Holdings Inc., et al.,* Case No. 17-11375-BLS (Bankr. D. Del.), is cited herein as "B.D.I. __."

for "arbitration/mediation" and "default judgment" demand in the amount of $31,500 (D.I. 10) (the "Motion for Default Judgment").[2]  For the reasons set forth below, the Trustee's Motion to Dismiss will be granted, and Appellant's motions will be dismissed as moot.

1.  **Background.**  Debtors comprised one of the world's largest manufacturers and distributors of automotive safety systems, including vehicle airbag systems using inflators that contain pyrotechnic propellants, stored high pressure gases, or a combination of the two which, when activated, rapidly release gases to inflate an airbag.  The record reflects that Debtors sold airbag inflators containing phase-stabilized ammonium nitrate ("PSAN inflators"), which were eventually the subject of the largest product recall in history.  On June 25, 2017, each of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.

2.  On February 21, 2018, the Bankruptcy Court entered an order (B.D.I. 2120) (the "Confirmation Order") confirming a plan of reorganization (B.D.I. 2116) (the "Plan").  Pursuant to the Plan, the Trust was established to administer certain post-effective date responsibilities under the Plan.  Those responsibilities include resolving certain disputed claims against the estate, including claims asserting economic loss arising from or relating to PSAN inflators and other asserted defects, and making distributions to holders of allowed claims.  (Plan Art. 5.6(b)). The Plan further granted the Trustee authority to prosecute and resolve objections to disputed claims, with certain exceptions not relevant here.  (Plan, Art. 5.6(e)).

3.  On April 26, 2022, the Trustee filed the *Reorganized TK Holdings Trust's Twenty-Eighth Omnibus Objection to Claims – Non-Substantive (Amended & Superseded, Duplicate Claims, Late Claims)* (B.D.I. 4679) (the "28th Claim Objection") that objected to various proofs of claim, including to Appellant's proof of claim #P-0058409 ("Appellant's Claim") asserting an economic loss in an unknown amount.  The Appellant filed a response to

---

[2] Identical filings from the Appellant were docketed on September 27, 2022.  (D.I. 11, 12).

the Claim Objection (B.D.I. 4700) ("Response"). Although the Response is difficult to parse, it appears to assert a claim in the amount of $31,500 related to the product recall.

4. Thereafter, Trustee adjourned the hearing on the 28th Claim Objection as to Appellant's Claim (and certain other claims) to a later date. (*See* D.I. 7, Exh. B (hearing agendas for hearings on May 31, 2022 and July 27, 2022 noting adjournment of the hearing on the 28th Claim Objection as it relates to Appellant's Claim)). In connection with that adjournment, Trustee also removed the Appellant's Claim from the proposed order on the 28th Claim Objection and filed, under certification of counsel, a revised proposed order, which excluded Appellant's Claim. (*See* D.I. 7, Exh. C). On May 31, 2022, the Bankruptcy Court entered the 28th Claim Objection Order, which did not include Appellant's Claim. (*See id.,* Exh. D).

5. On June 29, 2022, Appellant purported to file a notice of appeal (B.D.I. 4730) (the "Notice of Appeal") which attaches the 28th Claim Objection Order.

6. Trustee raises two arguments in support of dismissal of the appeal. Trustee first argues that, as a dispositive threshold issue, Appellant lacks appellate standing which in bankruptcy cases is limited to "person[s] aggrieved." (D.I. 7 at p. 8 (quoting *In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000))). Under controlling Third Circuit precedent, a party will qualify as a "person aggrieved" for appellate standing "only if the bankruptcy court's order 'diminishes their property, increases their burdens, or impairs their rights.' . . . Thus, only those 'whose rights or interests are directly and adversely affected pecuniarily by an order of the bankruptcy court may bring an appeal.'" *PWS Holding*, 228 F.3d at 249. Because the 28th Claim Objection Order does not in any way diminish Appellant's property, increase her burden, or impair her rights with respect to the 28th Claim Objection, Appellant does not qualify as a "person aggrieved" and lacks standing to appeal it. (*See id.* at pp. 7-10).

7. Second, Trustee argues that the appeal must be dismissed for lack of subject matter jurisdiction because the appeal was filed 29 days after entry of the 28th Claim Objection Order and thus after the expiration of the 14-day appeal deadline set by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8002(a)(1).  (*See* D.I. 7 at pp. 10-11).

8. "[Appellant] proceeds *pro se*, and accordingly, we construe [her] pleadings liberally."  *See Laughlin v. Peck,* 552 F. App'x 188, 190 (3d Cir. 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).  Notwithstanding this general rule, Appellant's requests filed in response to the Motion to Dismiss are difficult to follow and attach documents from litigation in other jurisdictions.  (*See e.g.*, D.I. 11 at pp. 8-12).  The content of Appellant's requests do not in any way address either of the Trustee's arguments that Appellant lacks appellate standing and the appeal was untimely.  (*See* D.I. 9, 10).  Rather, those documents appear simply to assert the same facts presented to the Bankruptcy Court: that Appellant suffered or suffers economic injuries on account of the product recall.  (*See id.*)

9. **Jurisdiction and Standard of Review.**  The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court.  *See* 28 U.S.C. § 158(a)(1). Bankruptcy Rule 8002(a)(1) provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).  The Third Circuit has held that the failure to appeal a bankruptcy court's ruling to the district court within the time period established by Bankruptcy Rule 8002 deprives the district court of jurisdiction to hear an appeal. *See In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011).

10. **Discussion.**  Although the Bankruptcy Rules alone cannot create or withdraw jurisdiction, Congress has limited the jurisdiction of this Court to hear an appeal from a final order of a Bankruptcy Court by specifically incorporating the time limits of Rule 8002 in the

jurisdictional grant to the district courts to hear appeals from bankruptcy courts. Section 158(c)(2) of title 28 provides that "an appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts *and in the time provided by Rule 8002 of the Bankruptcy Rules*." 28 U.S.C. § 158(c)(2) (emphasis added).

11. The Third Circuit has held on several occasions that the time limits of Bankruptcy Rule 8002 are jurisdictional and deprive an appellate court of subject matter jurisdiction if the appellant fails to comply. *See Caterbone*, 640 F.3d at 112-13 (citing *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *Whitemere Dev. Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986); *In re Universal Minerals Inc.* 755 F.2d 309, 311 (3d Cir. 1985)). In *Caterbone*, the court stated that:

> [b]ecause Section 158 . . . specifies the time within which an appeal must be taken – i.e., "in the time provided by Rule 8002" – that requirement is jurisdictional . . . Here, even though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.

*Caterbone*, 640 F.3d at 111-12.

12. The Notice of Appeal is untimely and must be dismissed. The 28th Claim Objection Order was entered on May 31, 2022, but the Notice of Appeal was not filed until June 29, 2022 – well after the 14-day deadline. *See* Fed. R. Bankr. P. 8002(a)(1).

13. **Conclusion.** While the Court is sympathetic to the challenges of pursuing relief on a *pro se* basis, the jurisdictional defect is non-waivable. Having failed to file a timely notice of appeal, this Court lacks jurisdiction to hear the appeal, and the appeal must be dismissed.[3]

---

[3] As the Court is without jurisdiction to consider the appeal, the Court does not address the lack of appellate standing argument set forth in the Motion to Dismiss. (*See* D.I. 7 at pp. 7-10).

NOW, THEREFORE, it is HEREBY ORDERED that, for the reasons set forth herein, the Trustee's Motion to Dismiss (D.I. 7) is GRANTED, and the appeal is DISMISSED. Accordingly, Appellant's Motion for Stay (D.I. 9, 11) and Motion for Default Judgment (D.I. 10, 12) are DISMISSED as moot.  The Clerk is directed to CLOSE the case.

Entered this 3rd day of January, 2023.　　　　　　/s/ Richard G. Andrews
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge